**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

T M Grace Builders, Inc.

    Debtor.

Case No. 22-12026 MER

Chapter 11

**ORDER AND NOTICE OF EVIDENTIARY HEARING**

NOTICE IS HEREBY GIVEN that a hearing has been set on **Thursday, July 13, 2023, at 9:30 a.m.,** in the United States Bankruptcy Court for the District of Colorado, Courtroom C, U.S. Custom House, 721 19th Street, Denver, Colorado, on PFG Fund II, LLC's Motion for Partial Release of 11 U.S.C. 363(f) Sale Proceeds in Court Registry. This matter has been set for one-day evidentiary hearing.

IT IS ORDERED that:

1. **Discovery**. Discovery must be completed by **June 16, 2023**. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date. The special provisions regarding limited and simplified discovery as specified in Local Bankruptcy Rule 7026-2 shall apply in this contested matter. All discovery disputes in this matter are subject to L.B.R. 9013-1(g) and L.B.R. 7026-1(d).

2. **Witnesses and Exhibits**. The requirements in this Order specifically supersede the requirements in Local Bankruptcy Rule 9070-1. The parties shall exchange witness lists and exhibits on or before **June 30, 2023**. A List of Witnesses and Exhibits shall be filed with the Court on or before **July 7, 2023**, substantially in the form of L.B. Form 9070-1.1. Expert witnesses must be identified. Do not file the actual exhibits unless otherwise directed by the Court. Any illustrative aids to be used at trial in opening statements, with a witness, or in closing arguments, shall be exchanged by **July 7, 2023**.

    a. The parties must exchange FULL SETS of intended exhibits prior to trial. Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.
    b. Exhibits must be marked for identification (Movant-numbers and Respondent-letters).
    c. Multi-page exhibits should be individually page-numbered.
    d. Expert witnesses must be specifically identified.
    e. **The courtroom is equipped for electronic evidence presentation and the Court is now requiring its use for all hearings**.[1] The guidelines for courtroom technology are available on the Court's website under "Judges' Info" at http://www.cob.uscourts.gov. A pdf copy of each exhibit shall be

---

[1] The Court will consider timely requests to use paper exhibits on a case-by-case basis.

      delivered to chambers **two business days prior to the start of the hearing,** by thumb drive.  Each exhibit shall be saved as a separate pdf file.  The thumb drives shall be placed in an envelope addressed to "MER Chambers" and deposited in the drop box in the lobby of the Custom House at 721 19th Street, Denver, Colorado. [2]  No additional thumb drives are required at the start of the hearing.

  f.  Written objections directed to the witnesses or exhibits must be filed with the Court and served on opposing counsel or party on or before **June 13, 2023,** otherwise all objections except as to foundation and relevancy are waived.

  g.  Copies of contested exhibits must be attached to the filing of objections for the Court's prior review, unless the nature of the objection involves the fact that the party proffering the exhibit has failed to adequately identify and/or exchange it.

  h.  While objections to exhibits will be deemed waived unless the objector complies with this paragraph, only those exhibits specifically admitted during the evidentiary hearing will be considered by the Court and become part of the evidentiary hearing record.

  i.  The parties are **strongly encouraged** to confer prior to the hearing as to whether or not exhibits may be stipulated to in advance.

3.    **Stipulated Facts**.  The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, which list shall be filed with the Court on or before **July 7, 2023**.  If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed.  Failure to file this required document will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.

4.    **Notification of Settlement**.  To facilitate court preparation for this hearing, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing.  Parties shall contact chambers staff by telephone at 720-904-7462 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated.  Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained.  If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear, either in person or by telephone, at the scheduled hearing time to read the terms of any settlement into the record.

5.    **Court Appearances**.  Evidence will not be received by telephone or declaration, nor will parties be permitted to appear by telephone.  All parties shall appear in person or by counsel.

6.    **Closing Arguments.**  For all contested hearings set for one day or longer, it is the practice of this Court to request the parties to provide written closings, with legal authority and citations to the trial record, at a date to be determined after the close of evidence.

---

[2] Federal Express or other overnight delivery packages may be addressed to U.S. Bankruptcy Court, Attn:  MER Chambers, 721 19th Street, Denver, CO  80202.
Phone number:  720-904-7303.

Motions requesting conventional oral closings may be tendered to the Court prior to the start of trial.

**Failure to file any of the required documents as set forth above will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.**

Dated: May 18, 2023

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court